UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry D. Maxwell,

    Petitioner,

v.   **ORDER**
Civil No. 12-1770 ADM/TNL

Collin Gau, Warden,

    Respondent.

_____

Larry D. Maxwell, pro se.

Linda K. Jenny, Esq., Hennepin County Attorney's Office, Minneapolis, MN, on behalf of Respondent.

_____

This matter is before the undersigned United States District Judge for a ruling on Petitioner Larry D. Maxwell's ("Maxwell") "Motion To/For Petitioner's Right to File a Written Objection (With Clerk of Court) and Hopeful Reconsideration by Honorable U.S. Magistrate T.N. Leung" [Docket No. 17].[1] Magistrate Judge Tony N. Leung's November 8, 2013 Report and Recommendation ("R&R") [Docket No. 15] recommends denying Maxwell's Writ of Habeas Corpus Petition [Docket No. 1] ("Petition") and dismissing the case with prejudice. Maxwell's motion is granted in part and denied in part.

Maxwell is currently serving a 198-month Minnesota state court sentence after a jury found him guilty of one count of racketeering, two counts of identity theft, nine counts of theft-by-swindle, and six counts of aggravated forgery.  See Pet. at 1-2; see generally State v. Maxwell, No. A09-2018, 2011 Minn. App. Unpub. LEXIS 363 (Minn. Ct. App. Apr. 26, 2011).

---

[1] Based on the context of the filing, the Court will construe Docket No. 17 as a motion for an extension of time to object to Magistrate Judge Leung's R&R.

Maxwell appealed his conviction, and on April 26, 2011, the Minnesota Court of Appeals affirmed.  Id.  Maxwell sought review by the Minnesota Supreme Court, which was denied on July 19, 2011.  State v. Maxwell, No. A09-2018, 2011 Minn. LEXIS 408 (Minn. July 19, 2011).  On July 23, 2012, Maxwell filed his petition for a Writ of Habeas Corpus.

When a dispositive matter is assigned to and heard by a magistrate judge, a party may seek review of the magistrate judge's recommended disposition.  D. Minn. LR 72.2.  Unless the court sets a different deadline, objections must be filed within 14 days of the party being served with a copy of the recommended disposition.  Id.  Maxwell has requested 120 days to respond to the R&R.  Maxwell explains that during Judge Leung's consideration of the Petition, the Minnesota Department of Corrections moved Maxwell from the Minnesota Correctional Facility in St. Cloud to the Steele County Detention Center in Owatonna.  Maxwell's research and briefs apparently were not moved with him.  Maxwell claims that since May 23, 2013, he has been separated from his legal files, some of which were sent to his mother's house in Alabama and some of which were "dumped."  Maxwell argues that without his files, he cannot file an objection to the R&R.

Maxwell makes several requests of the Court.  He asks the Court to help him recreate his research files, to provide him with an attorney, and to pay to ship the files at his mother's house to the Steele County Detention Center, or, in the alternative, to release him on home confinement in Alabama while he conducts his research and writes his objections.

Petitioner objections are not an opportunity to relitigate or replead a case from the beginning.  An objection to a report and recommendation is intended to identify to the Court how the magistrate judge misinterpreted the law, or misapplied the law to the facts of the case.

Judge Leung found that Grounds 1, 2, and 5 of Maxwell's Petition are procedurally defaulted claims.  In Ground 3, Maxwell argues he was denied the right to present evidence in support of his defense.  Judge Leung found the Minnesota Court of Appeals addressed this issue on direct appeal and Maxwell has not shown how the Minnesota trial court's evidentiary rulings were contrary to law.  In Ground 4A, Judge Leung found Maxwell cannot be granted habeas corpus relief on his unanimous verdict claim because he did not show that the Minnesota Court of Appeals' resolution of the claim was either contrary to, or an unreasonable application of, a constitutional principle recognized by the United States Supreme Court.  Finally, in Ground 4B, Maxwell argues his conviction for racketeering should be vacated because there was insufficient evidence to support the jury's verdict on that charge.  Judge Leung addressed the claim by noting that the state court must defer to a jury's verdict, and a federal court must defer to the state court's resolution of an insufficiency-of-the-evidence claim.  Since Maxwell made no effort to explain why the Minnesota Court of Appeals was "objectively unreasonable" in its deference to the jury's verdict, Judge Leung determined there was no further appeal argument.

   If, despite Judge Leung's thorough analysis, Maxwell still decides to object to the R&R, Maxwell's task is to identify for the Court where Judge Leung misinterpreted or misapplied the law on the limited grounds before the Court.  Because the scope of the review is limited, the Court generally grants only the 14 days provided for in the Local Rules.  But given Maxwell's move to a different corrections facility and the loss of his research and files, the Court grants Maxwell an extension to February 18, 2014.  The additional time allows Maxwell to recreate his research and inform the Court of his objections.  As Judge Leung informed Maxwell on October 19, 2012, appointment of counsel is not warranted at this time because the facts and legal issues

underlying the Petition are not complex and Maxwell has shown proficiency in legal research and writing.

## ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Larry D. Maxwell's Motion for Extension of Time [Docket No. 17] is **GRANTED** in part, and **DENIED** in part.

2. Petitioner Larry D. Maxwell shall file his Objections to Magistrate Judge Tony N. Leung's Report and Recommendation on or before February 18, 2014.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 17, 2014.