UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Larry D. Maxwell,<br><br>    Petitioner-Appellant,<br>v.<br><br>Collin Gau,<br>Warden,<br><br>    Respondent-Appellee. | Civil No. 12-1770 ADM/TNL<br><br>**MEMORANDUM AND ORDER** |

This matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal [Docket No. 28]. Petitioner is attempting to appeal the Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. (See Order dated April 8, 2014; [Docket No. 20]).

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he receives no regular income from a prison job. The application also shows that Petitioner has no assets that could be used to pay the filing fee and costs for his appeal. Based on the information furnished in the IFP application, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court remains fully satisfied that Petitioner's habeas corpus petition was properly denied, his appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Petitioner's application to proceed in forma pauperis on appeal, [Docket No. 28], is GRANTED.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 3, 2014.

---

[1] The Court previously determined that Petitioner is not eligible for a Certificate of Appealability, ("COA"), in this case. (Order dated April 8, 2014; [Docket No. 20].) Therefore, even though Petitioner is being granted IFP status, his appeal will not proceed, unless the Court of Appeals grants him a COA.